```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF TEXAS
                         HOUSTON DIVISION
```

| | | |
|---|---|---|
| In Re ENRON CORPORATION SECURITIES, DERIVATIVE & "ERISA" LITIGATION, | § § § | MDL 1446 |

| | | |
|---|---|---|
| MARK NEWBY, ET AL., | § § | |
| Plaintiffs | § § | |
| VS. | § § | CIVIL ACTION NO. H-01-3624 AND CONSOLIDATED CASES |
| ENRON CORPORATION, ET AL., | § § | |
| Defendants | § | |

| | | |
|---|---|---|
| CONNECTICUT RESOURCES RECOVERY AUTHORITY, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. H-03-1558 |
| KENNETH L. LAY, et al., | § § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court in H-03-1558, which was removed from Connecticut state court and then transferred here by the Judicial Panel on Multidistrict Litigation for pretrial inclusion in MDL 1446, are Defendants Joseph W. Sutton's (#125) and Rebecca Mark-Jusbasche's (#158) motions to dismiss the First Amended Complaint (#247)[1] for lack of personal jurisdiction.

---

[1] The First Amended Complaint, filed on December 23, 2003, was the governing pleading when the motions to dismiss were filed.

Sutton and Mark-Jusbasche, residents of Texas, contend that they are not subject to jurisdiction in Connecticut under Connecticut's long arm statute because they have no ties with the state of Connecticut to serve as sufficient minimum contacts to support either general or specific *in personam* jurisdiction over them in Connecticut that will meet constitutional due process requirements. They insist that Plaintiff the Connecticut Resources Recovery Authority ("CRRA") has failed to plead any facts that would demonstrate that Sutton and Mark-Jusbasche meet the requirements and fall within reach of any of the provisions of the Connecticut long-arm statute  Conn. Gen. Stat. Ann. § 52-59b.[2]

---

Plaintiff subsequently filed Second Amended Complaint (#306) on March 29, 2004.  For purposes of the pending motions, the parties and the Court have focused on the former pleading.

[2]   The Connecticut long-arm statute provides,

Jurisdiction of courts over nonresident individuals, foreign partnerships and foreign voluntary associations. Service of process

(a) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual, foreign partnership or foreign voluntary association, who in person or through an agent:  (1) Transacts any business within the state; (2) commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; (3) commits a tortious act outside the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if such person or agent (A) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate

>or international commerce; (4) owns, uses or possesses any real property situated within the state; or (5) uses a computer, as defined in subdivision (1) of subsection (a) of section 53-451, or a computer network, as defined in subdivision (3) of subsection (a) of said section, located within the state.

"In order to find jurisdiction over a nonresident defendant, only one of the provisions of § 52-59b needs to be satisfied." *Pro Performance Corporate Services, Inc. v. Goldman*, 47 Conn. Sup. 476, 483, 804 A.2d 248 (2002).

In reviewing a motion to dismiss for lack of jurisdiction over a nonresident defendant, in a two-step process the court must determine whether the applicable long-arm statute authorizes jurisdiction over the defendant and, if so, whether the exercise of jurisdiction over the defendant would violate constitutional principles of due process. *Zelinsky v. Borck*, No. CV044001993, 2005 WL 1758686, *2 (Conn. Super. June 16, 2005).

The second inquiry is necessary because the fourteenth amendment's due process clause limits the jurisdiction of state courts to issue judgments that affect the rights or interests of nonresident defendants. *Zelinsky*, 2005 WL 1758686 at *3, *citing Shaffer v. Heitner*, 433 U.S. 186, 198-200 (1977). "'The due process clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts ties, or relations.'" *Id.*, *quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1984). The court examines "whether '(1) the nonresident party has created a substantial connection to the forum state by action purposefully directed toward the forum state or otherwise invoking the benefits and protections of the laws of the state, and (2) the exercise of jurisdiction based on those minimum contacts would not offend traditional notions of fair play and substantial justice--that is, whether it is reasonable under the circumstances of the particular case." *Haynes Construction Co. v. Famm Steel, Inc.*, No. CV040085304, 2005 WL 1217386, *3 (Conn. Super. Apr. 27, 2005), *quoting Panganiban v. Panganiban*, 54 Conn. App. 634, 639, 736 A.2d 190, *cert. denied*, 251 Conn. 920, 742 A.2d 359 (1999). In making that determination, the court is to evaluate five factors: (1) the burden placed on the nonresident defendant by exercising jurisdiction over him; (2) the interests of the forum state in deciding the case; (3) the plaintiff's interest in obtaining convenient and effective relief in his home state; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies." *Zelinsky*, 2005 WL 1758686 at *4, *citing and quoting Panganiban v. Panganiban*, 54 Conn. App. at 640.

Both Defendants maintain that they could not have foreseen the possibility of being haled into court in Connecticut based on the CRRA-Enron transaction at issue in this case because (1) it was consummated after they left their employment at Enron (Sutton in November 2000 and Mark-Jusbasche in August 2000)³; and (2) they were not participants in the transaction, regarding which the alleged material misrepresentations were made in late 2000 and early 2001.

## Court's Ruling

Plaintiff bears the burden of demonstrating that a nonresident defendant has sufficient contacts with the forum state to support personal jurisdiction of the court over him. *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999); *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996), *cert.*

---

The general rule in Connecticut is that there is no personal jurisdiction over nonresident officers of a corporation where their only contact with Connecticut was in their capacities as corporate officers. *Id.* at *3. In other words only the personal contacts of a corporate officer with the state will support the exercise of personal jurisdiction over him. *Id.* Nevertheless, "'[i]t is black letter law that an officer of a corporation who commits a tort is personally liable to the victim regardless of whether the corporation itself is liable.'" *Haynes Construction Co. v. Famm Steel, Inc.*, 2005 WL 1217386 at *2, *quoting Kilduff v. Adams, Inc.*, 219 Conn. 314, 331-32, 593 A.2d 478 (1991), *and citing Scniber v. O'Brien, Inc.*, 169 Conn. 389, 404, 363 A.2d 160 (1975)("officer who commits tort, irrespective of whether done on behalf of corporation, is liable to injured third persons").

³ Plaintiff responds that it has adequately alleged "that the damage was done--and the torts committed--long before the contract was finalized and endorsed, when both Directors were still at Enron." #340 at 8, citing ¶¶ 200-07 in the First Amended Complaint (#247).

*denied*, 519 U.S. 1006, 1007 (1996); *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001).  When a court rules on a motion to dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(b)(2) without an evidentiary hearing, as is the case here, the plaintiff need only present a prima facie case of personal jurisdiction.  *Felch v. Transportes Lar-Mex SA De CV*, 92 F.3d 320, 326 (5th Cir. 1996); *Central Freight Lines, Inc. v. APA Transport Corp.*, 322 F.3d 376, 380 (5th Cir. 2003); *DeStephano v. Carozzi North America, Inc.*, 286 F.3d 81, 84 (2d Cir. 2001).[4]  The plaintiff can establish that prima facie case by pleadings, depositions, affidavits, exhibits, or admissible forms of discovery.  *Washington v. Norton Mfg.*, 588 F.2d 441, 443 (5th Cir. 1979); *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 625 (5th Cir. 1999); *I.A. Trade Finance, Inc. v. Petra Bank*, 989 F.2d 76, 79-80 (2d Cir. 1997).  The court accepts as true the plaintiff's uncontroverted allegations and resolves all conflicts in favor of the plaintiff.  *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990); *Central Freight*, 322 F.3d at 376; *A.I. Trade*, 989 F.2d at 79-80; *Whitaker*, 261 F.3d at 208.  Mere conclusory allegations, even if uncontroverted, are insufficient to establish personal jurisdiction.  *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868-69 (5th Cir. 2001).

---

[4] If the court does hold an evidentiary hearing, the standard becomes preponderance of the evidence.  *Metropolitan Life*, 84 F.3d at 567; *I.A. Trade Finance, Inc. v. Petra Bank*, 989 F.2d 76, 79-80 (2d Cir. 1997).

As stated in Plaintiff Connecticut Resources Recovery Authority's ("CRRA's") opposition, Defendants fail to address the primary basis of jurisdiction here, "related to" bankruptcy jurisdiction under 28 U.S.C. § 1334(b), which provides for nationwide service of process and makes Connecticut's long-arm statute irrelevant. Instead of the traditional minimum contacts with the forum state under *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) and progeny, the majority of courts, including federal district courts in Connecticut and New York, have held that where Congress has provided for nationwide service of process in a statute, the fifth amendment rather than the fourteenth applies; the fifth amendment requires only that a defendant who resides within the boundaries of the United States and is properly served have sufficient aggregate minimum contacts with the United States as a whole. *See, e.g., Aetna Life & Casualty v. Owen*, No. 3:04CV817 (WWE), 2004 WL 2381744, *1-2 & nn.1&2 (D. Conn. Oct. 13, 2004)[5]; *In re Michaelesco*, 288 B.R. 646,

---

[5] As explained by the district court in *Owen*,

> In *Insurance Corp. of Ireland [v. Compagnie Des Bauxites de Guinee,* 456 U.S. 694, 702 (1982)*]*, the Supreme Court rejected the notion that the "personal jurisdiction . . . represents a restriction on judicial power not as a matter of sovereignty, but as a matter of individual liberty." . . . [W]hen a federal court sitting pursuant to federal question jurisdiction exercises personal jurisdiction over a United States citizen based on a congressionally authorized nationwide service of process provision, the individual liberty interest is not threatened. In such cases,

652-53 (D. Conn. 2003)(same and holding that "[i]n a proceeding brought under the related to jurisdiction of 28 U.S.C. § 1334(b), Fed. R. Bankr. P. 7004(d)[providing for nationwide service of process] applies . . . personal jurisdiction inquiry should focus on whether the defendant in the proceeding resides within the United States"), *citing Diamond Mortgage Corp. v. Sugar*, 913 F.2d 1233, 1243-44 (7th Cir. 1990), *cert. denied*, 498 U.S. 1089 (1991); *Hallwood Realty Partners, L.P. v. Gotham Partners, L.P.*, 104 F. Supp.2d 279, 281-87 (S.D.N.Y. 2000); *In re Federal Fountain*, 165 F.3d 600 (8th Cir. 1999)(en banc); and *In re Celotex Corp.*, 124 F.3d 619, 629-30 (4th Cir. 1997).[6]  *See also In re L.D. Brinkman Holdings, Inc.*, 310 B.R. 686, 688-89 (N.D. Tex. 2004).

---

the individual is not being subjected to extra-territorial jurisdiction because the individual is within the territory of the sovereign, *i.e.*, the United States, which is exercising jurisdiction.  "In other words, when a federal court exercises jurisdiction pursuant to a national service of process provision, it is exercising jurisdiction for the territory of the United States and the individual liberty concern is whether the individual over which the court is exercising jurisdiction has sufficient contacts with the United States." *Medical Mutual of Ohio [v. DeSoto*, 245 F.3d 561, 568 (6th Cir. 2001)].

2004 WL 2381744, at *2 n.2.

[6] This Court has previously addressed this issue at length with respect to the federal securities statutes in a memorandum and order, instrument #40 at 68-90, 96-103 in H-04-1648, *City of Montgomery, Ala. Employees' Retirement System v. Lay, et al. See also* H-03-1558, #340 at 87-88.

The due process test for the exercise of personal jurisdiction under the fifth amendment in federal question cases where the governing statute authorizes nationwide service of process is solely whether it comports with "traditional notions of fair play and substantial justice," i.e., whether it is reasonable under the circumstances of the particular case, which interplays with the requisite substantial contacts with the United States as a whole. *Insurance Corp. of Ireland*, 456 U.S. at 703; *International Shoe*, 326 U.S. at 316; *Metropolitan Life Ins. Co.*, 84 F.3d at 568. The Supreme Court observed, "A court must consider the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief. It must also weigh in its determination 'the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States on furthering fundamental substantive policies.'" *Asahi Metal Industries Co. Ltd. v. Superior Court of California, Solano County,* 480 U.S. 102, 113 (1987), *citing World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)("The protection against inconvenient litigation is typically described in terms of 'reasonableness' or 'fairness.'"); *see also Metropolitan Life Ins. Co.*, 84 F.3d at 568. The defendant bears the burden of demonstrating that the exercise of jurisdiction in the forum would "make litigation so gravely difficult and inconvenient that he unfairly is at a severe disadvantage in comparison to his opponent." *Burger King Corp. v. Rudzewick*, 471

U.S. 462, 478 (1985). If the defendant has sufficient contacts, jurisdiction is rarely defeated. *Asahi*, 480 U.S. at 116 (Brennan, J., concurring). Nevertheless, "[w]hile the exercise of jurisdiction is favored where the plaintiff has made the threshold showing of minimum contacts [with the nation as a whole] at the first stage of the inquiry, it may be defeated where the defendant presents a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Metropolitan Life Ins. Co.*, 84 F.3d at 568.

There is no dispute that both Sutton and Mark-Jusbasche, as residents of Texas and served in Texas, have substantial contacts with the United States as a whole. Neither Defendant, however, has made any showing that his or her liberty interests are being threatened. Today there is no great geographical or time burden in haling them into court in Connecticut to defend themselves, in light of the ease of plane travel and availability of technology (including electronic mail, facsimile transmission, and videoconferencing). Given the uncontroverted allegations in the complaint, neither Defendant is of limited means. Furthermore, in this suit to recover public money for damages for injuries CRRA claims to have suffered, Plaintiff, as "a public instrumentality and political subdivision of the state of Connecticut pursuant to Conn. Gen. Stat. § 22a-257 *et seq.* (the Solid Waste Management Services Act)," which manages, recycles, and disposes of solid waste for most of Connecticut's towns, and the State of Connecticut

have a strong interest in protecting the state agency and Connecticut taxpayers and in litigating this case in Connecticut, where they may obtain convenient and effective remedy.  The transaction with Enron at issue here and the injurious effects of alleged Enron's default in breach of there agreement occurred in Connecticut.  The Court finds no unreasonableness or unfairness in allowing the Connecticut to exercise personal jurisdiction over Sutton and Mark-Jusbasche.

For these reasons, the Court

ORDERS that Sutton's and Mark-Jusbasche's motions to dismiss (#125 and 158, respectively) are DENIED.

**SIGNED** at Houston, Texas, this 12th day of September, 2005.


_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE