IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re ENRON CORPORATION SECURITIES, DERIVATIVE & "ERISA" LITIGATION | : : : | MDL 1446 |
| MARK NEWBY, et al., (Consolidated) Plaintiffs, | : : : : | |
| v. ENRON CORP., et al., Defendants. | : : : : : : | CIVIL ACTION NO. H-01-3624 |
| This document relates to CONNECTICUT RESOURCES RECOVERY AUTHORITY, Plaintiff, v. KENNETH L. LAY, et al. Defendants. | : : : : : : : : : | CIVIL ACTION NO. H-03-1558 AUGUST 23, 2011 |

CONNECTICUT RESOURCES RECOVERY AUTHORITY'S
STATUS REPORT

The Plaintiff Connecticut Resources Recovery Authority ("CRRA") hereby responds to

the Court's order, dated August 11, 2011, requesting CRRA to file a report detailing the status

of H-03-1558.

1.    By complaint dated October 29, 2002, CRRA instituted an action against 54

defendants (the "CRRA case"), including the law firms, accounting firms and financial

institutions involved in a 2001 transaction with Enron Corporation ("Enron") shortly before

Enron filed for bankruptcy, leaving CRRA with a loss in excess of $200 million.

CHO/31556/3/1042782v3
08/23/11-HRT/GAEC

2.      Subsequently, the CRRA case and numerous other lawsuits instituted against Enron and related entities were referred to this Court for pretrial proceedings in accordance with the Multi-District Litigation Rules 1.6 (Transfer of Files) and 7.4 (Conditional Transfer Orders for "Tag-Along Actions").

3.      By order dated May 22, 2003, this Court referred the parties in the cases designated as MDL 1446 (the "Enron Litigation"), including the CRRA case, to mediation, which was ultimately conducted by the Hon. William C. Connor, United States District Judge, Southern District of New York.  Said mediation was unsuccessful in resolving the claims CRRA then had against any of its defendants.

4.      Nonetheless, through concerted efforts over the ensuing months and years, CRRA has succeeded in achieving settlement with 17 of its defendants, and its complaint, as to those defendants, has been withdrawn.

5.      CRRA's complaint names several individual defendants, including Kenneth L. Lay, Jeffrey K. Skilling, Andrew S. Fastow, Richard B. Buy, Jeffrey McMahon, Lawrence Greg Whalley and Ben F. Glisan. On July 26, 2011, the Court granted Jeffrey Skilling's Unopposed Motion for an Extension of Time to respond to CRRA's Third Amended Complaint on or before January 26, 2012. Instr. No. 689.

6.      In addition, CRRA's complaint (as amended) names the following remaining institutional defendants:

    1.      JP Morgan Chase & Co., J.P. Morgan Securities, Inc. and
            JP Morgan Chase Bank, N.A. (collectively, "J.P. Morgan")

2

2.  CSFB First Boston (USA), Inc., CSFB First Boston LLC and Pershing LLC (f/k/a Donaldson, Lufkin & Jenrette Securities Corporation) (collectively, "CSFB")

3.  Merrill Lynch & Co. and Merrill Lynch, Pierce, Fenner & Smith, Inc. (collectively, "Merrill Lynch")

4.  Barclays Capital Inc. and Barclays Bank PLC (collectively, "Barclays")

5.  Deutsche Bank AG, Deutsche Bank Securities Inc. and Deutsche Bank Trust Company Americas (collectively, "Deutsche")

6.  Toronto-Dominion Bank, Toronto Dominion Holdings (U.S.A.), Inc., TD Securities, Inc., TD Securities (USA), Inc., Toronto Dominion Investments, Inc., Toronto Securities Ltd., and Toronto Dominion (Texas), Inc. (collectively, "Toronto Dominion")

7.  Royal Bank Canada, Royal Bank Holding, Inc., Royal Bank DS Holding, Inc., RBC Dominion Securities Ltd., RBC Dominion Securities, Inc., Royal Bank of Canada Europe Ltd., RBC Holdings (USA) Inc., and RBC Dominion Securities Corp. (collectively, "RBC")

8.  The Royal Bank of Scotland Group plc, the Royal Bank of Scotland plc, National Westminster Bank Plc, Greenwich Natwest Structured Finance, Inc. (Dissolved), Greenwich Natwest Ltd. and Campsie Ltd. (collectively, "RBS")

(Collectively, the "Financial Institution Defendants.")

7.  All of the Financial Institution Defendants have filed—either separately or jointly with other Financial Institution Defendants—motions to dismiss CRRA's Third Amended Complaint, the briefing of which was fully completed on or about September 3, 2008 (the "Motions to Dismiss").

8.  No decision has yet been rendered on any of the Motions to Dismiss, which are still under consideration by this Court. See **Exhibit B** attached hereto.

CHO/31556/3/1042782v3
08/23/11-HRT/GAEC

9.      Both before and after the filing and briefing of the Motions to Dismiss, CRRA initiated settlement efforts with each of the Financial Institution Defendants— both individually and in groups—but such efforts have not been successful, and no settlement has been reached with any of them.

10.     On January 13, 2011, the Court granted the Motion and Order for Admission Pro Hac Vice as to Arnold I. Menchel. On January 18, 2011, The Honorable Arnold I. Menchel, Assistant Attorney General, Office of the Connecticut Attorney General filed an appearance to represent CRRA with respect to the following Financial Institution Defendants:

1.      JP Morgan Chase & Co., J.P. Morgan Securities, Inc. and JP Morgan Chase Bank, N.A. (collectively, "J.P. Morgan");

2.      CSFB First Boston (USA), Inc., CSFB First Boston LLC and Pershing LLC (f/k/a Donaldson, Lufkin & Jenrette Securities Corporation) (collectively, "CSFB");

3.      Merrill Lynch & Co. and Merrill Lynch, Pierce, Fenner & Smith, Inc. (collectively, "Merrill Lynch");

4.      Deutsche Bank AG, Deutsche Bank Securities Inc. and Deutsche Bank Trust Company Americas (collectively, "Deutsche"); and

5.      Royal Bank Canada, Royal Bank Holding, Inc., Royal Bank DS Holding, Inc., RBC Dominion Securities Ltd., RBC Dominion Securities, Inc., Royal Bank of Canada Europe Ltd., RBC Holdings (USA) Inc., and RBC Dominion Securities Corp. (collectively, "RBC").

11.     Discovery has concluded with respect to all Financial Institution Defendants, except Royal Bank of Canada, Royal Bank of Scotland and Toronto Dominion, where it remains open in CRRA's action, as well as in *Newby* and the cases consolidated and coordinated with *Newby*. An agreed motion was filed by CRRA, Royal Bank of Canada, Royal Bank of Scotland and Toronto Dominion in 2006 to set an expert discovery schedule.

4

The Court's order provides that CRRA's expert witnesses shall be named and provide their reports in accordance with any order setting an expert discovery schedule in the cases coordinated and consolidated with *Newby* (none has issued to date); or within 45 days after the close of fact discovery as to said banks, whichever is later. A copy of pertinent Court orders are attached, together with CRRA's agreement with Royal Bank of Scotland and Toronto Dominion regarding CRRA's experts. See **Exhibit B** attached hereto.

Respectfully submitted,

CONNECTICUT RESOURCES RECOVERY
AUTHORITY

ARNOLD I. MENCHEL
Assistant Attorney General
(Juris 419449)
55 Elm Street
Hartford, CT  06141
Tel:    (860) 808-5355
Fax:    (860) 808-5391


By: _Richard Goldstein_
LOUIS R. PEPE, ESQ.
RICHARD GOLDSTEIN, ESQ.
JAMES G. GREEN, Jr., ESQ.
JAMES A. BUDINETZ, ESQ.
ATTORNEYS IN CHARGE
McElroy, Deutsch, Mulvaney &
Carpenter/PH, LLP
Its Attorneys
Juris No. 101812
One State Street, 14th Floor
Hartford, CT  06103-3102
Tel:    (860) 522-5175
Fax:    (860) 522-2796

Respectfully submitted,

CONNECTICUT RESOURCES RECOVERY
AUTHORITY

By: _____
ARNOLD I. MENCHEL
Assistant Attorney General
(Juris 419449)
55 Elm Street
Hartford, CT  06141
Tel:    (860) 808-5355
Fax:    (860) 808-5391

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 23, 2011, a true and correct copy of the foregoing document was duly served on counsel through the CM/ECF System.

Richard H. Goldstein

CHO/31556/3/1042782v3
08/23/11-HRT/GAEC

# EXHIBIT A

A summary of the proceedings with respect to the motions filed by the banks to dismiss CRRA's global action is set forth below:

| | |
|---|---|
| 08/15/07 | Bank Defendants filed a Joint Motion to Dismiss and a Memorandum in Support  (Instr. No. 544 & 551) |
| | JPMorgan, Merrill Lynch, Barclays, CSFB, Deutsche Bank, Toronto-Dominion, Royal Bank of Scotland, Royal Bank of Canada |
| 08/15/07 | Separate Motions of : <br> Toronto Dominion (Instr. No. 542), <br> Royal Bank of Canada (Instr. No. 547) <br> Royal Bank of Scotland (Instr. 552) <br> Separate Memoranda of Law: <br> Toronto Dominion (Instr. No. 543) <br> Credit Suisse First Boston (Instr. No. 545) <br> Deutsche Bank (Instr. No. 546) <br> Merrill Lynch (Instr. No. 548) <br> Royal Bank of Canada (Instr. No. 549) <br> Barclays (Instr. No. 554) |
| 01/24/08 | CRRA's Motion for Leave to file Substitute Memorandum of Law in Opposition to the Bank Defendants' Joint Motion to Dismiss The Third Amended Complaint (Instr. No. 597 & 598) |
| 01/30/08 | Joint Reply in Support of Motion to Dismiss CRRA's Third Amended Complaint (Instr. No. 607) |
| | Barclays, JPMorgan, Merrill Lynch, CSFB, Deutsche Bank, Toronto-Dominion, Royal Bank of Scotland & Royal Bank of Canada |

CHO/31556/3/1042782v3
08/23/11-HRT/GAEC

| | |
|---|---|
| 01/30/08 | Bank Defendants Separate Memorandums of Law in Reply to CRRA's Opposition to the Banks' Motions to Dismiss CRRA's Third Amended Complaint: |

Toronto Dominion (Instr. No. 601)
CSFB (Instr. No. 602)
Merrill Lynch (Instr. No. 603)
Royal Bank of Scotland (Instr. No. 604)
Deutsche Bank (Instr. No. 605)
Royal Bank of Canada (Instr. No. 606)
Barclays (Instr. No. 609)

| | |
|---|---|
| 03/11/08 | CRRA's Surreply to the Joint Motion to Dismiss the Third Amended Complaint (Instr. No. 613 & 614) |
| 03/20/08 | Bank Defendants' Memorandum in Opposition to CRRA's Motion for Leave to file Surreply (Instr. No. 615) |

Barclays, JPMorgan, Merrill Lynch, CSFB, Deutsche Bank, Toronto-Dominion, Royal Bank of Scotland & Royal Bank of Canada

| | |
|---|---|
| 09/03/08 | Judge Harmon **GRANTS** (597) Motion for Leave to File Substitute Memorandum of Law |

# EXHIBIT B

CHO/31556/3/1042782v3
08/23/11-HRT/GAEC

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

*United States Courts*
*Southern District of Texas*
*ENTERED*
*MAY 3 1 2006*
*Michael N. Milby, Clerk of Court*

| | | |
|---|---|---|
| In re: ENRON CORPORATION SECURITIES, DERIVATIVE & "ERISA" LITIGATION | § § | MDL DOCKET NO. 1446 |

| | | |
|---|---|---|
| MARK NEWBY, et al., | § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. H-01-3624 AND CONSOLIDATED CASES |
| ENRON CORPORATION, et al., | § § | |
| Defendants. | § | |

| | | |
|---|---|---|
| AMERICAN NATIONAL INSURANCE COMPANY, et al., | § § § | |
| Plaintiffs, | § § | |
| vs. | § § § | CIVIL ACTION NO. G-03-0481 |
| ROYAL BANK OF CANADA, | § § | |
| Defendant. | § | |

| | | |
|---|---|---|
| CONNECTICUT RESOURCES RECOVERY AUTHORITY, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NOS. H-03-1558, H-03-1579 (Formerly Civil Action |
| vs. | § § | Nos. 3:02CV02095(WWE) and 3:02CV02107(WWE) in the |
| KENNETH L. LAY, et al., | § § | District of Connecticut) |
| Defendants. | § | |

**ORDER ON AGREED MOTION TO SET AN EXPERT DISCOVERY
SCHEDULE BETWEEN PLAINTIFFS AND THE ROYAL BANK OF CANADA
DEFENDANTS**

1

Upon consideration of the Agreed Motion to Set an Expert Discovery Schedule Between Plaintiffs in the above-styled actions (collectively, "Plaintiffs") and Defendants Royal Bank of Canada, Royal Bank Holding Inc., Royal Bank DS Holding Inc., RBC Dominion Securities Ltd., RBC Dominion Securities Inc., Royal Bank of Canada Europe Ltd., RBC Holdings (USA) Inc. and RBC Dominion Securities Corp. (collectively, "RBC"), the Court hereby orders the following:

1.     Plaintiffs' expert witnesses shall be named and furnish comprehensive reports of their opinions, if any, (a) by the date Plaintiffs' expert witnesses must be named and reports of their opinions furnished in the consolidated, related and coordinated cases not currently proceeding under the controlling *Newby* and *Tittle* complaints (the "Coordinated or Consolidated Cases") in any order setting the expert discovery schedule in those cases (the "Coordinated and Consolidated Scheduling Order") or (b) within 45 days after the close of fact discovery regarding RBC, whichever is later.

2.     If Plaintiffs name their expert witnesses and furnish their reports by the date they name their expert witnesses in the Coordinated or Consolidated Cases (pursuant to paragraph 1(a) above), expert discovery shall proceed on the schedule in the Coordinated and Consolidated Scheduling Order. If, however, Plaintiffs name their experts and furnish their experts after the close of fact discovery as between Plaintiffs and RBC (pursuant to paragraph 1(b) above), the following schedule shall control:

(a)     RBC's expert witnesses shall be named and furnish comprehensive reports of their opinions, if any, within 45 days after Plaintiffs submit their expert reports.

(b)     Plaintiffs' rebuttal expert witnesses shall be named and furnish comprehensive reports of their opinions, if any, within 30 days after RBC submits its expert reports.

2

(c)     Expert discovery shall be completed 30 days after Plaintiffs furnish their rebuttal expert reports, if any.

3.     Nothing in this Order shall preclude the Plaintiffs or RBC from asserting any positions regarding fact discovery and/or seeking further modification of the schedule at any time as circumstances warrant. The parties reserve all their rights to assert positions regarding the availability, timeliness, and/or scope of fact discovery.

IT IS SO ORDERED.

DATED: May 31, 2006

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

SK 02736 0031 669908
5/15/06

3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re ENRON CORPORATION SECURITIES, DERIVATIVE & "ERISA" LITIGATION | : : : | MDL 1446 |
| This Document Relates To: | : : | Civil Action No. H-01-3624 |
| MARK NEWBY, et al., Individually and Behalf of All Others Similarly Situated, | : : : | (Consolidated) |
| Plaintiffs, vs. | : : : | CLASS ACTION |
| ENRON CORP., et al., | : : : | |
| Defendants. | : | |
| This Document Relates To: | : : | |
| CONNECTICUT RESOURCES RECOVERY AUTHORITY, | : : : | |
| Plaintiff, | : : | Civil Action No. H-03-1558 |
| vs. | : : | |
| KENNETH L. LAY, et al. | : : | |
| Defendants. | : | |

## ORDER ON AGREED MOTION TO SET EXPERT WITNESS DISCOVERY SCHEDULE BETWEEN PLAINTIFFS AND THE TORONTO DOMINION DEFENDANTS AND THE ROYAL BANK OF SCOTLAND DEFENDANTS

Upon consideration of the Agreed Motion to Set an Expert Discovery Schedule between

Plaintiff, Connecticut Resources Recovery Authority and Defendants Toronto-Dominion Bank,

Toronto-Dominion Holdings (U.S.A.), Inc., TD Securities Inc., TD Securities (USA) Inc., and

Toronto Dominion (Texas), Inc., (collectively "TD Defendants") and The Royal Bank of

1

Scotland Group Plc., The Royal Bank of Scotland Plc., National Westminster Bank, Plc., Greenwich Natwest Structured Finance, Inc., Greenwich Natwest Ltd., and Campsie Ltd., (collectively, "RBSG") the court hereby orders the following;

1.  Plaintiff's expert witnesses shall be named and furnish comprehensive reports of their opinions, if any, within 45 days after the close of fact discovery as between Plaintiff's and TD Defendants and RBSG.

2.  TD Defendants and RBSG's expert witnesses shall be named and furnish comprehensive reports of their opinions, if any, within 45 days after Plaintiff submits its expert reports.

3.  Plaintiff's rebuttal expert witnesses shall be named and furnish comprehensive reports of their opinions, if any, within 30 days after TD Defendants and RBSG submits their expert reports.

4.  Expert discovery shall be completed 30 days after Plaintiff furnishes its rebuttal expert reports, if any.

5.  Nothing in this Order shall preclude the Plaintiff or TD Defendants or RBSG from asserting any positions regarding fact discovery and/or seeking further modification of the schedule at any time as circumstances warrant. The parties reserve all their rights to assert positions regarding the availability, timeliness, and/or scope of fact discovery.

IT IS SO ORDERED.

DATED: June 8, 2006

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

2

CMH/31556/3/772800v1
05/30/06-HRT/

# JONES DAY

NORTH POINT · 901 LAKESIDE AVENUE · CLEVELAND, OHIO 44114-1190
TELEPHONE: 216-586-3939 · FACSIMILE: 216-579-0212

JP000868-bfk                                      (216) 586-1344
075114-600-001                                    dfadler@jonesday.com

September 7, 2006

## VIA E-MAIL AND FEDERAL EXPRESS

Richard Goldstein, Esq.
Pepe & Hazard, LLP
Goodwin Square
225 Asylum Street
Hartford, CT 06103

Re:   *Connecticut Resources Recovery Authority v. Kenneth*
      *L. Lay, et al.* Civil Action No.03-1558 (the "CRRA Case")

Dear Richard:

This will confirm the agreement reached between the Connecticut Resources Recovery Authority ("CRRA") on the one hand, and The Royal Bank of Scotland Group plc and its affiliates ("RBS") and Toronto-Dominion Bank and its affiliates ("TD") on the other, in the CRRA Case.

On June 8, 2006, the Court entered an Order on Agreed Motion to Set Expert Witness Discovery Schedule Between CRRA, TD and RBS (the "Expert Discovery Order"). This Expert Discovery Order set a different expert discovery schedule for CRRA, RBS and TD in the CRRA case than as provided for in the Consolidated and Coordinated Cases under the Court's November 7, 2005 Order Amending Expert Discovery Schedule in the Cases (the "C&C Scheduling Order"). As the Expert Discovery Order was executed after the due date for CRRA's expert reports pursuant to the C&C Scheduling Order, one of CRRA's experts, Professor Anthony Saunders, included in his June 1, 2006 report in the CRRA Case opinions concerning RBS and TD, but reserved his right to supplement those opinions during the period of time for expert reports under the Expert Discovery Order. Professor Saunders' deposition under the C&C Scheduling Order is currently scheduled for September 19-21, 2006. CRRA, however, agrees that it will make Professor Saunders available for a deposition by RBS and TD during the expert deposition period under the Expert Discovery Order (*i.e.*, during the 30-day period after the due date for rebuttal expert reports under the Expert Discovery Order), whether or not Professor Saunders supplements his opinions as to RBS and/or TD during the period of time for expert reports under the Expert Discovery Order. RBS and TD agree that they will not examine Professor Saunders during his September 19-21 deposition. CRRA understands and agrees that

ATLANTA · BEIJING · BRUSSELS · CHICAGO · CLEVELAND · COLUMBUS · DALLAS · FRANKFURT · HONG KONG · HOUSTON
IRVINE · LONDON · LOS ANGELES · MADRID · MENLO PARK · MILAN · MOSCOW · MUNICH · NEW DELHI · NEW YORK · PARIS
PITTSBURGH · SAN DIEGO · SAN FRANCISCO · SHANGHAI · SINGAPORE · SYDNEY · TAIPEI · TOKYO · WASHINGTON

SEC. 7. 2006  1:41PM                                                            NO. 4366   P. 4

JONES DAY

Richard Goldstein, Esq.
September 7, 2006
Page 2

RBS and/or TD may attend Professor Saunders' September 19-21 deposition, and may also interpose objections during that deposition if either believes any objections should be made.

With respect to CRRA's expert witnesses other than Professor Saunders, RBS and TD may examine them in the CRRA case during their upcoming depositions under the C&C Scheduling Order. CRRA is not obligated to make these expert witnesses available for a deposition by RBS and TD during the period of time for expert witness depositions under the Expert Discovery Order; provided, however, that if CRRA supplements the opinions of any of these expert witnesses during the period of time for expert reports under the Expert Discovery Order, CRRA shall make such supplementing expert witnesses available for a deposition by RBS and TD during the period of time for expert depositions under the Expert Discovery Order.

If the foregoing does not accurately reflect our agreement, please let me know by the close of business tomorrow, September 8, 2006.

Thank you for your attention to this matter.

Very truly yours,

David F. Adler

cc:    Patrick Buckler, Esq. (Counsel for TD) (via email)

CLI-1448420v1

SEP. 7. 2006  1:41PM                                                        NO. 4366   P. 2

Lozano, Olivia

From:                   Goldstein, Richard
Sent:                   Thursday, September 07, 2006 1:44 PM
To:                     Lozano, Olivia
Subject:                Fw: CRRA

Please fax attachment

----- Original Message -----
From: David F Adler <dfadler@JonesDay.com>
To: Goldstein, Richard
Cc: pbuckler@mcguirewoods.com <pbuckler@mcguirewoods.com>
Sent: Thu Sep 07 13:01:52 2006
Subject: Re: CRRA

DOC235.PDF (127
KB)

Rich:          Attached is a letter confirming our agreement on Saunders and the other CRRA experts.
Please let me know if I have not accurately stated our agreement.  Thanks.

David F. Adler
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
(216) 586-1344
Facsimile (216) 579-0212
email dfadler@jonesday.com

= = = = = = = = =
This e-mail (including any attachments) may contain information that is private, confidential, or protected by
attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system
without copying it and notify sender by reply e-mail, so that our records can be corrected.
= = = = = = = = =

1